IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STACY EUGENE MILLER, ID # 910804,   )
          Petitioner,     )
vs.              )       No. 3:06-CV-1221-K (BH)
              )          ECF
NATHANIEL QUARTERMAN, Director,   )   Referred to U.S. Magistrate Judge
Texas Department of Criminal     )
Justice, Correctional Institutions Division,   )
          Respondent.    )

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County conviction for theft in Cause No. F99-71656-VS. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On February 16, 2000, a jury found petitioner guilty of theft over $200,000, and he was sentenced to thirty years imprisonment. (Pet. Writ of Habeas Corpus (Pet.) at 2.) On February 7, 2001, the court of appeals affirmed his conviction. *See Miller v. State*, No. 05-00-00490-CR, 2001 WL 100107, at *1 (Tex. App. – Dallas, Feb. 7, 2001, pet. ref'd). On August 5, 2003,[1] petitioner filed

---

[1] The information before the Court does not reveal precisely when petitioner filed his state application for writ of habeas corpus. Petitioner surmises that the application would have been filed on or about August 8, 2003, because he executed it on August 5, 2003. Because it makes no difference to the ultimate outcome in this case, the Court uses August 5, 2003, as the date of filing.

a state application for writ of habeas corpus in which he alleged that he was denied the right to file

a petition for discretionary review (PDR). (Pet. at 3.) On November 19, 2003, the Court of Crim-

inal Appeals granted petitioner the right to file an out-of-time PDR. *See Ex parte Miller*, No. 74,831,

2003 WL 22721103, at *1 (Tex. Crim. App. Nov. 19, 2003) (per curiam). On June 30, 2004, the

Court of Criminal Appeals refused the PDR. (Pet. at 3.) On April 28, 2005,[2] petitioner filed a

second state application for writ of habeas corpus. (*Id.* at 4.) The Court of Criminal Appeals denied

that application on April 12, 2006. (Pet. at 4.)

Petitioner filed this action on July 6, 2006.[3] He raises the following thirteen grounds for

relief: (1) legal insufficiency of the evidence; (2) uncorroborated accomplice witness testimony; (3)

no evidence that he was a party to the offense; (4) no evidence that he used or exhibited a deadly

weapon in the commission of the offense or knew that a deadly weapon would be used or exhibited;

(5) admission of hearsay at trial; (6) admission of prejudicial photographs; (7) omission of lesser-

included-offense instruction; (8) erroneous exclusion of testimony; (9) erroneous "reasonable doubt"

instruction; (10) actual innocence; (11) denied right to confront witness; (12) prosecutor withheld

evidence favorable to the defense by failing to call Larry Davis as a witness; and (13) ineffective

assistance of trial counsel. Petitioner claims that his attorney rendered ineffective assistance in the

following respects: (a) advising petitioner not to testify; (b) failing to call witnesses on his behalf;

---

[2] Petitioner again surmises that his second state application for writ of habeas corpus would have been filed on or about April 30, 2005, because he executed in on April 28, 2005. The Court uses April 28, 2005, as the date of filing.

[3] Under the prison mailbox rule, a petition for habeas corpus is deemed filed when the prisoner delivers the petition to prison authorities for mailing to the court. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). The record does not reflect when petitioner tendered his federal petition to the prison authorities for mailing, but it was "filed" sometime between the date he signed it on July 6, 2006, and the date that this Court received it on July 10, 2006. Giving movant the benefit of the doubt, the Court uses the earlier of these dates as the date of filing.

(c) failing to object to hearsay; (d) failing to rebut witness testimony with evidence favorable to the defense; and (e) waiving petitioner's right to suppress petitioner's statements, an alleged accomplice's confession, and a hearing to determine the admissibility of such statements.

## II.  STATUTE OF LIMITATIONS

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the Act), Pub. L. 104-132, 110 Stat. 1217.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date, which is the date of its enactment.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because petitioner filed the instant federal petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-

year statute of limitations from the latest of (A) the date petitioner's judgment of conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

With regard to subparagraph (A), the date petitioner's judgment of conviction became final, petitioner appealed his conviction but filed no timely PDR. The state judgment of conviction became final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.*, thirty days after the appellate court affirmed petitioner's conviction on February 7, 2001. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty day period to file a PDR). Furthermore, "when a petitioner convicted in the Texas system acquires the right to file an 'out-of-time' PDR, the relief . . . does not require a federal court to restart the running of AEDPA's limitations period altogether." *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004). Petitioner's state judgment of conviction became final on March 9, 2001.

With regard to subparagraph (D), the Court determines that the facts supporting petitioner's claims became known or could have become known through the exercise of due diligence prior to the date petitioner's judgment of conviction became final on March 9, 2001. At trial and sentencing, petitioner would have known the factual basis for each of his claims. This is true even for petitioner's claim that the prosecutor withheld evidence favorable to the defense by failing to call Larry Davis as a witness. The basis for the claim stems from testimony given at trial. (*See* Pet. at 27-28.) Petitioner even argues in his claim of ineffective assistance of counsel that his attorney should have

called Mr. Davis to testify because his attorney "should have known that the State did not call Larry Davis to the stand because he had exculpa[tory] evidence for the defense." (*Id.* at 34.)

Because petitioner filed his federal petition more than one year after his judgment of conviction became final on March 9, 2001, a literal application of § 2244(d)(1) renders his July 6, 2006 filing untimely.

## II. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas applications were pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application). In addition, an out-of-time PDR granted to a Texas inmate acts as a post-conviction habeas application to statutorily toll the limitations period until resolution of the PDR. *Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004).

When petitioner filed his first state petition in August 2003, the one-year statutory period of limitations had already expired. Consequently, neither that state petition nor his second one statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). By the time petitioner filed the instant federal petition on July 6, 2006, the statutory period of limitations had long since elapsed.

In addition, nothing in the petition indicates that rare and exceptional circumstances warrant equitable tolling. *See id.* (recognizing that statute of limitations is subject to equitable tolling); *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same). Although petitioner claims to be actually innocent of the crime for which he has been convicted, a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent", *see Felder v. Johnson*, 204 F.3d 168, 171 & n.8 (5th Cir. 2000). Petitioner, furthermore, has not shown that he is actually innocent. He essentially quarrels with the jury's verdict and the evidence presented against him, but presents nothing to show his innocence.

In any event, a petitioner "is not entitled to equitable tolling" unless he "diligently pursue[s] his § 2254 relief." *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). By taking more than two years to file a state habeas application seeking to file an out-of-time petition for discretionary review after the court of appeals affirmed his conviction, another ten months to file his second state application for writ of habeas corpus after the Court of Criminal Appeals refused his PDR, and nearly three more months to file the instant federal action after the denial of his second state application, petitioner has not diligently pursued federal habeas relief.

Because neither statutory nor equitable tolling save petitioner's July 6, 2006 filing, the filing falls outside the statutory period of limitations and should be deemed untimely.

## III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by the statute of limitations and **DENY** it with prejudice.

SIGNED this 13th day of July, 2007.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE